IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41162
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO JIMENEZ-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-274-1
--------------------

September 27, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alejandro Jimenez-Sanchez (Jimenez) argues that the district court erred by denying his motion to suppress because the facts presented at the suppression hearing show that Agent O'Riley did not have a reasonable suspicion that Jimenez was involved in criminal activity. In the context of the denial of a motion to suppress, we review the district court's factual findings for clear error and the ultimate conclusion, that the facts supported a reasonable suspicion sufficient to justify an investigatory

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stop, de novo.  United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994).

A roving Border Patrol agent may stop a vehicle if the agent's observations lead him reasonably to suspect that the occupants of a particular vehicle may be involved in criminal activity.  See United States v. Brignoni-Ponce, 422 U.S. 873, 881 (1975).  The factors to be taken into account in determining whether "reasonable suspicion" exists, include: the characteristics of the area; its proximity to the border; the usual patterns of traffic on a particular road and previous experience with alien traffic; information about recent illegal border crossings; the driver's behavior; and the vehicle's appearance, including the type vehicle, appearance of being heavily loaded, number of passengers, or passengers' behavior. Brignoni-Ponce, 422 U.S. at 884-885.

The facts articulated by Agent O'Riley show that Jimenez's truck was not a vehicle normally in the area, was carrying unusable welding equipment, and could have been recently altered. The road on which the stop was made was a known path for contraband and Jimenez was traveling it at an unusual hour for workmen.  Finally, a check of the license showed that the truck was registered to an automobile shop located 100 miles from the scene.  These facts are specific and were articulated in clear terms.  The district court did not err in concluding that all of the specific facts considered together supported the stop.  See United States v. Aldaco, 168 F.3d 148, 150 (5th Cir. 1999).

The government has filed an unopposed motion to substitute replacement photographs for exhibits missing from the record. The motion is granted.

AFFIRMED; MOTION TO SUBSTITUTE GRANTED.